958 F.2d 1157
 294 U.S.App.D.C. 299
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Antonio R. PAYTON, Appellant.
 No. 91-3061.
 United States Court of Appeals, District of Columbia Circuit.
 March 27, 1992.
Rehearing Denied June 4, 1992.
 
 Before RUTH BADER GINSBURG, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. Appropriate disposition of the issues presented, this court concludes, does not warrant an opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 The district court, after a hearing, denied defendant's motion to suppress evidence. That court ruled, as a threshold matter, that the defendant lacked standing to contest the search of the premises, an enclosed rear porch, part of apartment 2, 1609 E Street, N.E. Observing that the defendant gave arresting officers a different address as his residence, and noting the contradictory testimony of the defendant's own witnesses on the subject, the district judge did not credit the defendant's assertion that he lived on the premises. That assessment, we are satisfied, is not clearly erroneous. Testimony for both the prosecution and the defense, we add, showed that many people passed freely through the premises. Given the exposed character of the premises, and the constant, unimpeded comings and goings reported by witnesses, the district judge had ample justification for finding that defendant had no reasonable expectation of privacy at the place and time in question. See United States v. Robinson, 698 F.2d 448, 454 (D.C.Cir.1983) ("evidence that people freely came and went from the premises certainly cuts against normal expectations of privacy").
 
 
 3
 Considering the totality of the circumstances, the search of the defendant's person was lawful. The defense concedes that the pat down for weapons was permissible. Retrieval of the contraband involved no Fourth Amendment infraction in view of the testimony revealing the drug sale just consummated at the premises, see Transcript at 10, the crap game at the scene, the top of the ziplock bag sticking out of defendant's pocket in plain view, and the impression conveyed to the experienced officer on touching the bulging pocket. See United States v. Williams, 822 F.2d 1174, 1184-85 (D.C.Cir.1987) ("plain touch" doctrine). For the reasons just stated, it is
 
 
 4
 ORDERED and ADJUDGED that the judgment of conviction from which this appeal has been taken be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).